1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON R.,

                        Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

Case No. C22-5193-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

      Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

      Plaintiff was born in 1973, has an 11th-grade education and a GED, and has been employed as, *inter alia*, a fast-food worker.  AR 31, 47, 291.  Plaintiff was last gainfully employed in 2019.  AR 291.

      In November 2019, Plaintiff applied for benefits, alleging disability as of September 6, 2019.  AR 232-47.  Plaintiff's applications were denied initially and on reconsideration, and

Plaintiff requested a hearing.  AR 168-71, 174-81.  After the ALJ conducted a hearing in March 2021, the ALJ issued a decision finding Plaintiff not disabled.  AR 15-33.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: fracture of the right iliac crest of the pelvis status-post open reduction internal fixation; osteoarthritis of the right hip; osteoarthritis of the first carpometacarpal joints; trigger finger left hand; right epicondylitis; right cubital tunnel syndrome; fibromyalgia; history of knee replacement; migraines; anxiety; depression; and post-traumatic stress disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform sedentary work with additional limitations: she can lift ten pounds occasionally and less than ten pounds frequently.  She can sit for six hours and stand/walk for two hours in an eight-hour workday.  She can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, and crouch, but can never crawl.  She can frequently handle and finger.  She must avoid concentrated exposure to cold, vibration, fumes, odors, dusts, gases, and poor ventilation, and she must avoid all exposure to workplace hazards.  She can perform simple, routine tasks.  She can have occasional interaction with co-workers.  She cannot perform tandem tasks or teamwork. She can have occasional superficial interaction with the general public.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-33.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

1

**LEGAL STANDARDS**

2

3      Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

4   security benefits when the ALJ's findings are based on harmful legal error or not supported by

5   substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

6   2005).  As a general principle, an ALJ's error may be deemed harmless where it is

7   "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

8   1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

9   determine whether the error alters the outcome of the case." *Id.*

10      Substantial evidence is "more than a mere scintilla.  It means - and means only - such

11   relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

12   *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

13   747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

14   conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.*

15   *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

16   as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

17   Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

18   susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

19   must be upheld.  *Id.*

**DISCUSSION**

20      Plaintiff argues the ALJ erred in finding her sciatica to be not severe, and in assessing

21   certain medical opinions.  The Commissioner argues the ALJ's decision is free of harmful legal

22   error, supported by substantial evidence, and should be affirmed.

23

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

1    **A.      The ALJ Did Not Harmfully Err at Step Two**

2         At step two, a claimant must make a threshold showing that her medically determinable

3    impairments significantly limit her ability to perform basic work activities.  *See Bowen v.*

4    *Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work

5    activities" refers to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§

6    404.1522(b), 416.922(b).  "An impairment or combination of impairments can be found 'not

7    severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal

8    effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)

9    (quoting Social Security Ruling 85-28).

10        In this case, the ALJ acknowledged that Plaintiff experienced sciatica, but found that it

11   was not severe because: (1) a November 2020 MRI "revealed normal sacroiliac joints

12   bilaterally" and a lower back MRI was denied by the insurance company, and (2) Plaintiff's low

13   back pain was treated with two months of physical therapy.  AR 18.  The ALJ concluded that

14   Plaintiff's sciatica did not cause more than a minimal effect on Plaintiff's ability to work, and

15   thus was not severe.  *Id.*  The ALJ stated that he nonetheless considered the impact of Plaintiff's

16   non-severe impairments when assessing her RFC.  *Id.*

17        Plaintiff argues that the ALJ's reasoning does not explain why her sciatica is not severe,

18   and instead only undercuts the ALJ's implied finding that her sciatica is medically determinable.

19   Dkt. 8 at 3-4, Dkt. 10 at 2.  Although the Court tends to agree with Plaintiff's argument, Plaintiff

20   has not shown that the ALJ harmfully erred because the ALJ explicitly stated that he considered

21   the impact of Plaintiff's non-severe impairments when assessing her RFC.  AR 18.  Plaintiff has

22   not shown that the ALJ's RFC assessment would have been any different if he had included

23   sciatica as a severe impairment at step two, and thus Plaintiff has alleged at most a harmless

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

error.  *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (discussing harmless step-two errors).  The Court therefore finds no basis to reverse the ALJ's step-two findings.

**B.      The ALJ Did Not Harmfully Err in Assessing Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of two medical opinions, each of which the Court will address in turn.

*1.      Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*2.      Kathryn Harshman, ARNP*

Ms. Harshman, Plaintiff's primary care provider, completed a form medical source statement in March 2021 describing Plaintiff's (1) disabling sitting/standing/walking limitations, (2) inability to use her right hand for gross or fine manipulations, and (3) disabling limitations in her ability to tolerate stress, stay on task, and maintain workplace attendance.  AR 1364-67.  The ALJ noted that Ms. Harshman cited some physical findings as support for her conclusions, but the ALJ found this opinion unpersuasive because it was inconsistent with the record, specifically: (1) Plaintiff's right hip MRI showing no more than mild abnormalities, and other evidence indicating that Plaintiff's hip did not require surgery; (2) the conservative treatment (physical therapy) for Plaintiff's sacroiliac joint pain and hip flexor tendinopathy; (3) objective findings that did not suggest any functional limitations related to Plaintiff's hip; (4) findings related to

1  Plaintiff's right arm suggesting that her limitations were mild; and (5) the conservative treatment

2  (therapy and medication) for Plaintiff's mental impairments.  AR 29.

3      Plaintiff challenges the ALJ's findings related to Plaintiff's low back condition, arguing

4  that the ALJ only cited evidence that would be inconsistent with disabling limitations caused by

5  a hip impairment.  Dkt. 8 at 4.  According to Plaintiff, the ALJ's explanation "is defective since

6  the low back and hip impairments are separate and distinct.  Consequently, citing normal

7  objective findings from one to counter abnormal objective findings from the other is nonsensical;

8  and, thus, fails to meet the substantial evidence standard."  Dkt. 8 at 4.

9      Plaintiff's argument could be persuasive if Ms. Harshman had opined that Plaintiff's

10 disabling limitations were caused by a low back impairment.  In that situation, it would be

11 nonsensical for an ALJ to rely on hip-related findings as a reason to find back-related limitations

12 unpersuasive.  But in the opinion, Ms. Harshman listed Plaintiff's diagnoses as: "ORIF Right

13 Iliac Wing Fracture; Tear of the acetabular labrum right; Cubital tunnel syndrome on the right;

14 lateral epicondylitis on right elbow, fibromyalgia, restless leg syndrome, Severe depression,

15 [post-traumatic stress disorder], Hip flexor tendonitis right[.]"  AR 1364.  The first two and the

16 last diagnoses pertain to Plaintiff's hip/pelvis, and none of the other diagnoses specifically relate

17 to Plaintiff's back.  *Id.*

18     Ms. Harshman's attached notes, which are referenced in the opinion (AR 1364), do

19 mention chronic bilateral low back pain without sciatica, but Ms. Harshman commented on this

20 diagnosis: "Deferred pain from the right hip."  AR 1374.  Thus, Ms. Harshman's notes linking

21 Plaintiff's back pain to her right hip provides a reasonable basis for the ALJ to do so as well.

22 Furthermore, the ALJ explained why he discounted Plaintiff's allegation of disabling physical

23 limitations due to pain in her pelvis, groin, and legs, and Plaintiff has not challenged this line of

reasoning, nor has Plaintiff argued that the ALJ overlooked any allegations related to separate and distinct back pain. *See* AR 22-24.

Because Ms. Harshman's opinion links Plaintiff's back pain to her hip condition, Plaintiff has not shown that the ALJ erred in implicitly doing so as well. The ALJ cited evidence showing that Plaintiff's hip/pelvis physical conditions were less limiting than alleged, which supports his assessment of Ms. Harshman's opinion. Because the ALJ properly found Ms. Harshman's opinion to be inconsistent with the record, the ALJ did not err in finding the opinion to be unpersuasive on this basis.

### 3. *Jasmyne Lyons, Psychiatric Mental Health Nurse Practitioner*

Ms. Lyons examined Plaintiff in February 2020 and wrote a narrative report describing her mental symptoms and limitations. AR 622-28. Ms. Lyons opined that Plaintiff had several mental limitations, most notably a "poor" ability to interact with co-workers, supervisors, and the public. AR 628. The ALJ found support for some degree of restriction on Plaintiff's social functioning, but found that there was insufficient support for the degree of the limitation indicated by Ms. Lyons. AR 30. The ALJ also found that the social limitation Ms. Lyons described was inconsistent with evidence in the record indicating that Plaintiff was found by other providers to be "without significant deficits in her social functioning" during mental status examinations. AR 30. For these reasons, the ALJ found Ms. Lyons' opinion only partially persuasive. *Id*.

Plaintiff argues that the ALJ erred in citing to normal mental status examination findings as inconsistent with Ms. Lyons' opinion because such findings do not directly pertain to social functioning. Dkt. 8 at 5 (citing AR 1249, 1391, 1395, 1399, 1403, 1406). The Court agrees that

findings related to mood, appearance, speech, and thought process do not necessarily directly pertain to the ability to interact with co-workers or the public.

But the Court finds any error in the ALJ's consistency finding to be harmless in light of the ALJ's supportability finding, which Plaintiff does not challenge. *See* Dkt. 8 at 4-5. The ALJ did not err in finding inadequate support within Ms. Lyons' opinion for the social limitations. Ms. Lyons herself noted Plaintiff's "friendly" and "cooperative" attitude, and found Plaintiff's eye contact to be good. AR 626. As the basis for Plaintiff's social limitations, Ms. Lyons cited Plaintiff's self-report (AR 628), which the ALJ discounted for unchallenged reasons. *See* AR 26-27. Accordingly, because the ALJ did not err in finding that Ms. Lyons' opinion as to Plaintiff's social functioning was inadequately supported, the Court will not disturb the ALJ's assessment of Ms. Lyons' opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of August, 2022.

S. KATE VAUGHAN
United States Magistrate Judge